UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIMOTHY CLINNIN,

                    Plaintiff,

    -against-                                                                                           *COMPLAINT*

LONG ISLAND RAIL ROAD COMPANY,                                    PLAINTIFF
                                                               DEMANDS
                    Defendant.                                                            TRIAL
                                                               BY JURY
------------------------------------------------------------X

Plaintiff complaining of the defendant by his attorneys, FLYNN & LAURIELLO, PLLC, respectfully alleges as follows:

<u>The Parties</u>

1. At all times hereinafter mentioned, plaintiff was employed by defendant LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a LIRR conductor in the LIRR Transportation Department.

2. At all times hereinafter mentioned, plaintiff was a LIRR employee in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, LIRR, was a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

### Jurisdiction

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chapters 1 and 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331.

### Liability

7. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled LIRR Train #1715 on the LIRR Mainline in Queens County, New York.

8. Upon information and belief, at all times hereinafter mentioned, LIRR Train #1715 was comprised of LIRR M7 cars, one of which was LIRR M7 #7386.

9. Upon information and belief, at all times hereinafter mentioned, LIRR M7 #7386 was a MU Locomotive as the term MU locomotive is defined at 49 CFR 229.5.

10.  Upon information and belief, at all times hereinafter mentioned, LIRR M7 #7386 was in use on defendant's line as a locomotive.

11.  Upon information and belief, at all times hereinafter mentioned, defendant operated, managed, and controlled LIRR M7 #7386, its parts and appurtenances.

12.  That on July 29, 2019, as plaintiff was performing his duties on LIRR Train #1715, in LIRR M7 #7386, his left leg got stuck after stepping aside to let someone pass, as the area into which he stepped was not in proper condition and was unsafe for use and defective, causing the plaintiff to sustain the injuries hereinafter set forth.

13.  Upon information and belief, the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, its agents and/or employees in causing, permitting and allowing M7 #7386 the car flooring, seat, and their parts, components and appurtenances thereof, to be, become, and remain improperly maintained, unsafe, perilous and hazardous, and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff herein.

14.  Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Programs, Part A Safety, Chapter 203, Safety Appliances, 49 USCA 20302 *et seq.*, commonly known as the Safety Appliances Act, and the rules and regulations promulgated thereunder.

15. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Safety, Part A Safety, Chapter 207, Locomotives, 49 USCA 20701, *et seq.*, the Locomotive Safety Act, and the rules and regulations promulgated thereunder.

Injuries and Damages

16. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries left knee and leg, other limbs, and his body, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital and health care treatment and care and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage in a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for said harms, injuries and losses.

WHEREFORE, plaintiff demands judgment against the defendant in a sum to be determined at jury trial that will fairly and adequately make the plaintiff whole for said harms, injuries and losses, together with the costs and disbursements of these actions.

May 16, 2022
New York, New York

                          FLYNN & LAURIELLO, PLLC
                          Attorneys for Plaintiff

BY *Valerie J Lauriello*
VALERIE J. LAURIELLO (VL6192)
Attorney at Law
Office & P.O. Address
5 Penn Plaza – 23rd Floor
New York, New York 10001
Tel. 212-896-3812
Fax 866-855-3813
VJLauriello@MDFlynnLaw.com

5